UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-930-RP |
| JOHN DOE, subscriber assigned IP address 104.7.221.126, | § § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Strike 3") Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, (Dkt. 4). Having considered the motions and the relevant law, the Court will grant the motions.

### I. BACKGROUND

Strike 3 is a prolific litigator filing copyright infringement cases through the country. On February 2, 2021, Strike 3 filed sixteen cases in this Court. On September 24, 2021, it filed five additional cases in this Court. On October 14, 2021, it filed seven more, including the instant case. The cases are essentially identical: Strike 3 alleges John Doe ("Defendant"), who is identified only by an IP address,[1] violated the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (Compl., Dkt. 1, at 2). Strike 3 is the "owner of award winning, critically acclaimed adult motion pictures." (*Id.* at 1). Strike 3 produces adult films and distributes them through subscription-based websites and DVDs. (*Id.* at 1, 3). Strike 3 alleges that Defendant was recorded infringing 48 movies over an extended period of time using BitTorrent. (*Id.* at 2, 6). Strike 3 claims it developed, owns, and operates an "infringement detection system" called VXN Scan. (*Id.* at 5-6). Using VXN Scan, Strike

---

[1] In this case, Defendant is identified by the following IP address: 104.7.221.126.

1

3 alleges it discovered that Defendant used the BitTorrent file network to illegally download and distribute Strike 3's copyrighted films. (*Id.* at 5).

On October 28, 2021, Strike 3 filed its motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. (Dkt. 4). To identify Defendant, Strike 3 seeks leave to serve a third-party subpoena on AT&T U-verse, the Internet service provider ("ISP") associated with the IP address that allegedly downloaded Strike 3's copyrighted works. (*Id.* at 2).

## II. LEGAL STANDARD

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). District courts have considerable discretion in discovery matters, and this Court has adopted the "good-cause" standard to determine whether a party is entitled to expedited discovery. *See, e.g.*, *Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017); *Alamo Area Mut. Hous. Ass'n, Inc. v. Lazenby*, No. 5:17-CV-634-DAE, 2017 WL 7052289, at *4 (W.D. Tex. July 19, 2017). Under this standard, "a court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *United Biologics, LLC v. Am. Acad. of Allergy*, No. SA-14-CV-35-OLG, 2014 WL 12637937, at *2 (W.D. Tex. Mar. 20, 2014) (emphasis, internal quotation marks, and citation omitted). If a plaintiff seeks a subpoena to identify an anonymous internet user, a court must also balance the need for disclosure against the defendant's expectation of privacy. *See Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm Identified by Hash B7FEC872874D0CC9B1372ECE5ED07AD7420A3BBB*, No. 4:12-CV-00963, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25, 2012).

"In making this determination, courts commonly consider the following factors: '(1) a concrete showing of a prima facie claim of actionable harm by the plaintiff; (2) specificity of the

discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy.'" *Malibu Media, LLC v. John Doe*, No. SA-19-CV-599-XR, at *2 (W.D. Tex. July 23, 2019) (quoting *Well Go USA*, 2012 WL 4387420, at *1). "The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope." *Stockade Companies, LLC v. Kelly Rest. Grp., LLC*, No. 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017).

### III. DISCUSSION

Strike 3 has met its burden of showing that good cause exists to permit limited expedited discovery. While a few courts have not permitted Strike 3 to serve a third-party subpoena, *see, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 20CV4483PKCJO, 2020 WL 6545896, at *1 (E.D.N.Y. Nov. 6, 2020) (denying Strike 3's request to serve a third-party subpoena on ISP), most courts that have considered this request from Strike 3 in almost identical cases have allowed it, *see, e.g.*, *Strike 3 Holdings, LLC v. Doe,* No. 4:21-CV-243-SDJ, 2021 WL 2258737, at *1 (E.D. Tex. June 3, 2021) (granting Strike 3's request to serve a third-party subpoena on ISP); *Strike 3 Holdings, LLC v. Doe*, No. 21-CV-1848 (RA), 2021 WL 965515, at *2 (S.D.N.Y. Mar. 15, 2021) (same); *Strike 3 Holdings, LLC, Plaintiff, v. John Doe subscriber assigned IP address 68.200.77.243, Defendant*, No. 8:20-CV-1328-T-33CPT, 2020 WL 9175750, at *1 (M.D. Fla. July 17, 2020) (same). *See also Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1214 (D.C. Cir. 2020) (reversing district court's denial of Strike 3's request to serve subpoena on ISP). This Court has previously allowed the same request from Strike 3 in almost identical cases. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe subscriber assigned IP address 104.190.141.164*, No. 1:21-CV-101-RP (W.D. Tex. May 25, 2021). This Court has also considered very similar requests in other copyright cases where the plaintiff seeks to identify the defendant by serving a third-party

subpoena on the ISP and granted those motions. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. SA-19-CV-00962-DAE, 2019 WL 4003086, at *2 (W.D. Tex. Aug. 23, 2019) (collecting *Malibu Media* cases).

To establish copyright infringement, two elements must be proven: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Strike 3 states: (1) "Plaintiff is the owner of the Works, which are each an original work of authorship"; (2) "Defendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol;" and (3) "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." (Compl., Dkt. 1, at 8). Strike 3 has pled a prima facie case of copyright infringement.

Strike 3 has sufficiently alleged that it has no other way to obtain Defendant's name and address than from the ISP. Strike 3 has information about Defendant's actions that alleged violated the Copyright Act, (*see* Compl., Dkt. 1, at 4–7), but only can identify Defendant by her or his IP address, (Mot. Leave, Dkt. 4, at 6–7). Strike 3's need for the subpoenaed information is significant. Without it, Strike 3 would be unable to serve process and advance its infringement claim. (*Id.* at 7–8). Moreover, an ISP subscriber has "a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media, LLC v. John Does 1-11*, No. 12 CIV. 3810 ER, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013); *see also Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("Not surprisingly, courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.").

That right is not absolute, especially when the "disclosure of a defendant's name or other identifying information in cases involving infringement of adult films could lead to abusive litigation

through coercion." *Malibu Media, LLC v. Doe*, No. 15 CIV. 4381 JFK, 2015 WL 4923114, at *1 (S.D.N.Y. Aug. 18, 2015). Strike 3 acknowledges this issue. In its motion for leave, Strike 3 professes that it brings its case in good faith and is "mindful of the nature of the litigation and its goal is to not disclose publicly the choices that people make regarding the content they wish to enjoy." (Mot. Leave, Dkt. 4, at 3). To avoid the potential for unfairness or coercive settlements, Strike 3 represents that it files cases only against "extreme infringers" and "does not seek settlements unless initiated by a defendant." (*Id.*).

In sum, all five factors weigh in favor of permitting Strike 3 to serve a third-party subpoena before the Rule 26(f) conference—with limitations. Recognizing the risk for an embarrassing false positive identification, the Court will subject the service of the subpoena to restrictions aimed at protecting the privacy and the interests of the individual whose identity is discovered pursuant to the subpoena.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Strike 3's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, (Dkt. 4), is **GRANTED**, subject to the following conditions and limitations:

**1.** Strike 3 may immediately serve a Rule 45 subpoena ("the Subpoena") on AT&T U-verse to obtain the name and physical address of the individual to whom the ISP assigned the IP address 104.7.221.126. The ISP shall not release any other contact information for Defendant.

**2.** A copy of this Order shall be attached to the Subpoena.

**3.** If the ISP is a "cable operator" within the meaning of the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521–559, it shall comply with § 551(c)(2)(B) by sending a copy of this Order to Defendant. Section 551(c)(2)(B) states, in relevant part: "A cable operator may disclose such [personally identifying] information if the disclosure is . . . made pursuant to a court order

authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

**4.** The ISP shall have 60 days from the date it is served with the Subpoena to serve Defendant with a copy of the Subpoena and this Order. The ISP may serve Defendant using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

**5.** Defendant shall have 60 days from the date they are served with the Subpoena and this Order to file any motion with this Court to quash or modify the Subpoena, as well as any request to litigate the Subpoena anonymously. The ISP may not turn over Defendant's identifying information to Strike 3 before the expiration of this sixty-day period. Additionally, if Defendant or the ISP files a motion to quash or modify the Subpoena, the ISP may not turn over any information to Strike 3 until the Court rules on any such motions.

**6.** If Defendant moves to quash or modify the Subpoena, or to proceed anonymously, they shall immediately notify the ISP so that the ISP is on notice not to release any of Defendant's contact information to Strike 3 until the Court rules on any such motions.

**7.** The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or modify the Subpoena.

**8.** If the sixty-day period lapses without Defendant or the ISP contesting the Subpoena, the ISP Shall have 14 days to produce the subpoenaed information to Strike 3.

**9.** Strike 3 must serve Defendant with the summons, complaint, and copies of all materials and information obtained about them.

**10.** Strike 3 must use the information disclosed in response to the Subpoena for the sole purpose of protecting and enforcing its rights, as set forth in its Complaint and in accordance with Strike 3's representations in its motion for leave, (Mot. Leave, Dkt. 4, at 4).

**11.** If Strike 3 seeks to file an amended complaint identifying Defendant, Strike 3 shall file a motion for leave to file its amended complaint under seal.

**SIGNED** on December 16, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE